## CIRCUIT COURT OF THE CITY OF NORFOLK

Helen Klepak

v.

Irving Cashvan et al.

December 27, 1985

Case No. (Law) L-78-168

By JUDGE JOHN W. WINSTON

Helen Klepak obtained a judgment in the amount of $7,500.00 against Irving Cashvan in this court on August 8, 1979. It remains unsatisfied.

In a further effort to collect her judgment amount plus accrued interest, Klepak has served a Summons in Garnishment upon Jay F. Wilks, a Trustee under the Will of the late Herbert Cashvan, claiming income monies due trust beneficiary Irving Cashvan. The Trustee has contested the garnishment, asserting that Irving Cashvan's interest is not subject to his liabilities under the terms of the Will and of Virginia Code § 55-19 as amended. Trustee says in his Answer that the value of Irving Cashvan's trust interest is less than $500,00.00. He has earlier stated (Motion for a Protective Order) that while the entire Herbert Cashvan Family Trust has a value in excess of $500,000.00, the value of Irving Cashvan's estate under the trust is less than $500,000.00.

Prior to 1919 in Virginia, every trust estate, regardless of size, was subject to the debts and charges of the persons to whose use or to whose benefit they were holden or possessed. See earlier code section and discussion in *Sheridan v. Krause*, 161 Va. 873 (1934). Since 1919 when the code was amended, a trust estate can be

validly created for the support and maintenance of one or more named beneficiaries without the first $500,000.00 (earlier $100,000.00 and then $200,000.00) of trust assets being subject to their liabilities or to alienation by them. Any trust estate in excess of the statutory cap continues to be subject to the claims of creditors such as Klepak.

The Will of Herbert Cashvan was probated on January 19, 1982, after his death on January 12th of that year. His Executors and Trustees posted bond in the sum of $10,000,000.00.

Two separate trusts are created in the Will out of his estate. One is designated the "Grandchildren's Trust" (Article V) and involves fifteen percent of the residuary estate. The other is designated the "Family Trust" (Article VI) and involves the remaining eighty-five percent of the residuary estate.

The "Family Trust" provides for five individual beneficiaries. The Trustees (of which Jay F. Wilks is one) are directed to distribute the entire net income of that Trust to Hyman Cashvan (20%), Irving Cashvan (10%), Harry Yarrow (3.3%), Betty Griffin (10%), Jackie Owens (5%), Deborah Cashvan and issue (24%), and Jeffrey S. Cashvan and issue (25%). That totals 98.3% mandatory distributions. The balance of 2.7% net income may be added to principal or distributed as income in the exclusive discretion of the Trustees. Should such net income in any taxable year exceed $300,000.00, that excess may be retained or distributed, again in the exclusive discretion of the Trustees. (Paragraph J).

In Article VII, paragraph (i) the testator directed that the interest of each beneficiary in either trust:

> shall be held *to the extent permitted by law* and possessed by my Trustees in trust upon the condition that it may be paid over by my Trustees to such beneficiary for his or her support and maintenance, and that said interest shall not be subject to such beneficiary's debts, liabilities, contracts or engagements, or to alienation, assignment, pledge or anticipation by such beneficiary, or to attachment or execution or other legal process or to any bankruptcy or receivership proceedings.

Klepak does not contest the validity of the trust provisions here. But she does not agree with the Trustee's position that the $500,000.00 cap is on the share of *each beneficiary* of those separate trusts.

The court agrees with Klepak. As seen in *Sheridan v. Krause, supra,* the public policy of Virginia as expressed by its General Assembly is to permit a testator to place his estate in a trust or trusts for the support and maintenance of named beneficiaries free from the claims of their creditors. But that legislative authority is a very limited one. For the General Assembly never intended to authorize the creation of a multitude of individual trusts with a statutory exemption of the first $500,000.00 for each individual beneficiary. From the language used this court finds the legislative intent is to authorize the testator to distribute, free of the claims of their creditors, assets having a value of as much as $500,000.00 through any trust vehicle or vehicles he chooses to create and to as few or as many beneficiaries as he wishes.

But the court does not agree with Klepak's contention that she could be allowed "to garnish any and all disbursements to Irving (Cashvan) that may be made by the Trustee pursuant to the Trust." For the court does not feel that because the total trust assets (both "Grandchildren's Trust" and "Family Trust") have a value of over $500,000.00 as here, the statutory exception does not apply at all. It certainly applies to trust assets valued below the statutory limit. But those valued above that limit are still subject to levy.

Klepak suggests that the amount of Irving Cashvan's interest in the trust assets "is presumably ascertainable." The court instructs the Trustee to confer with her counsel and make available all of the pertinent factual information which will permit an accurate identification of the source of his income. If it be found that a portion of his annual income comes from assets having a value outside the $500,000.00 exclusion, then that portion of the income is subject to the levy now in place or as renewed in the future. But if it instead all comes from assets within the $500,000.00 exclusion, then it cannot be levied on.

In the meantime the Trustee's Motion to Quash the Garnishment Summons is denied.